***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Adrian Phillips and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. The Full Commission therefore AFFIRMS the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Plaintiff is Thomas Gates.
2. Defendant is Labor Ready, Inc.
3. The Carrier on the date of the accident was Reliance National Indemnity Co./ACE/USA, ESIS.
4. An employer-employee relationship existed between the Plaintiff and Defendant on the date of the accident, August 29, 2001.
5. The alleged accident occurred on August 29, 2001.
6. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
7. Defendants will provide a similar employee's Form 22.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff is a forty-six year old male who worked with defendant as a temporary day laborer.
2. Defendant is a temporary day labor service.
3. Plaintiff alleges that he was injured on August 29, 2001 when after swinging a hammer "as hard as he could" to strike a door casing, the hammer struck the left side of his left knee.
4. Plaintiff did not seek medical treatment until Monday, September 10, 2001, twelve days after the alleged incident.
5. According to Stipulated Exhibit No. 3, the plaintiff worked a full eight hours on the date of alleged injury, a full eight hours the next day, August 30, 2001, seven and one-half hours on August 31, 2001, six and one-half hours on September 4, 2001, eight hours on September 5, 2001, and eight hours on September 6, 2001.
6. On September 10, 2001 plaintiff presented to the Emergency Room at Carolinas Medical Center with complaints of pain in his left knee and was evaluated by Dr. Vivek Tayal.
7. Plaintiff reported that he had a history of arthroscopic meniscal repairs on both knees.
8. Upon physical examination, Dr. Tayal performed a McMurray's test, which tests for meniscal damage. This test produced negative results. No bruising was noted and plaintiff was discharged after being diagnosed with an acute left knee contusion.
9. On September 11, 2001, plaintiff sought treatment from Dr. David Russell at ProMed in Charlotte, North Carolina.
10. Plaintiff specifically reported that he had struck his knee with a hammer. Dr. Russell noted there was no bruising, ecchymosis, or abrasions. Dr. Russell noted that plaintiff was not tender along the outside of his knee. At that time plaintiff had full extension in his knee. Dr. Russell also performed a McMurray's test to evaluate for meniscal damage, which produced negative results. Again, the plaintiff reported a history of bilateral arthroscopic meniscal repairs: first, to his right knee in 1995, then to his left knee in 1998. Dr. Russell testified specifically that this information was provided by the plaintiff.
11. On that date, Dr. Russell also performed an X-ray of the left knee that revealed a small bone bit. Dr. Russell concluded that this was a chronic condition and not the result of the incident alleged by plaintiff.
12. Dr. Russell diagnosed plaintiff with a general knee sprain.
13. Plaintiff returned on September 18, 2001. At that time, Dr. Russell noted that plaintiff had full range of motion in his left knee. Dr. Russell referred plaintiff for physical therapy.
14. On September 20, 2001, the plaintiff was evaluated by Dr. Christian Madsen. Dr. Madsen diagnosed plaintiff with a contusion and post-traumatic arthritis.
15. Plaintiff next sought treatment from Dr. Louis Almekinders on October 18, 2001. At that time, the plaintiff reported a history of bilateral arthroscopic meniscal repairs. Despite giving this history to three separate doctors, plaintiff testified that he had never had knee surgery. Eventually, he testified that he had surgery on his right knee several years ago. Upon physical examination, the plaintiff had a negative McMurray's test and no effusion.
16. The plaintiff returned on November 19, 2001, and reported that he fell out of a chair and landed on his left side, which worsened his left knee pain. Again, the McMurray's test produced negative results, and there was no effusion evidence.
17. On February 21, 2002, Dr. Almekinders recommended an MRI, which revealed a horizontal cleavage tear in the left medial meniscus. Dr. Almekinders stated that a horizontal tear is most consistent with a degenerative tear; as opposed to a vertical tear, which is the result of acute trauma. Dr. Almekinders' medical note of March 18, 2002, indicated that the plaintiff understood that the tear was likely degenerative in nature and may not be related to his on-the-job accident. Ultimately, on March 27, 2002, Dr. Almekinders performed a left knee arthroscopy with partial medial meniscectomy.
18. Both Dr. Almekinders and Dr. Sullivan testified that meniscal tears are usually the result of a twisting or pivoting motion, not an acute trauma. Eventually, on August 22, 2002, Dr. Almekinders released the plaintiff at maximum medical improvement and assigned a five percent (5%) rating to his left knee.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The medical evidence in this case does not support the plaintiff's description of his alleged injury. The medical evidence contradicts, rather than corroborates, the plaintiff's description of his alleged injury.
2. Each doctor who examined the plaintiff following the alleged accident administered a McMurray's test, which is used to identify torn cartilage in the knee. Each test produced negative results.
3. On March 18, 2002, an MRI revealed a horizontal cleavage tear in the left medial meniscus. In his medical notes, Dr. Almekinders stated that this type of tear was most consistent with a degenerative tear. The surgery performed by Dr. Almekinders was not necessary to treat any injury that may have occurred on August 29, 2001. N.C. Gen. Stat. § 97-25.
4. The plaintiff has failed to establish by the greater weight of the credible evidence that he had a compensable injury by accident on August 29, 2001, or that his surgery of March 27, 2002, was necessary to treat a compensable injury.
5. The plaintiff is not entitled to compensation pursuant to the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall pay its own costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER